UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEE EDWARD HUGHES, | ) | 1:04-cv-05756-AWI-DLB-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 22) |
| v. | ) | |
| | ) | **ORDER DENYING PETITION FOR** |
| JAMES A. YATES, Warden, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | **ORDER DIRECTING CLERK TO** |
| | ) | **ENTER JUDGMENT FOR RESPONDENT** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On December 13, 2005, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus be DENIED and the Clerk of Court enter judgment for Respondent. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On January 3, 2006, plaintiff filed objections to the Findings and Recommendations. On January 11, 2006, Respondent filed a reply to Petitioner's objections.

//

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.

In the objections, Petitioner disputes the Magistrate Judge's use of the harmless error analysis to resolve many of Petitioner's claims.  Unlike other forms of review, habeas review generally calls for examining the trial record as a whole for signs of the requisite prejudice or error before reversing a conviction.  See e.g., Neder v. United States, 527 U.S. 1, 18 (1999) (violation of Fifth Amendment's guarantee against self-incrimination and Sixth Amendment right to confront witnesses subject to harmless error analysis); Banks v. Dretke, 540 U.S. 668, 691 (2004) (elements of prosecutorial misconduct claim include showing of prejudice); Strickland v. Washington, 466 U.S. 668, 695 (1984) (ineffective assistance of counsel claims requires prejudice); Evanchyk v. Stewart, 340 F.3d 933, 940 (9th Cir. 2003) (jury instruction error subject to harmless error analysis).

Under the harmless error analysis, a habeas petitioner is only entitled to relief if a trial error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).  Further, the court may not grant a habeas petition if the state court erred in concluding that any errors were harmless; rather, habeas relief is appropriate only is the state court harmless error analysis was done in an "objectively unreasonable" manner. Mitchell v. Esparza, 540 U.S. 12, 17-18 (2003).  Here, several witnesses identified Petitioner

2

1 as the robber for both the March 12, 1994 and March 13, 1994
2 robberies.  For the reasons discussed in more detail by the
3 Magistrate Judge, this court agrees that any errors were harmless
4 and did not result in prejudice to Petitioner.
5     One issue deserves further discussion.  Petitioner alleges
6 that the prosecutor allowed the use of false testimony.  Detective
7 Prudhomme testified that he received a radio broadcast regarding a
8 vehicle that had fled the scene of the March 13, 1994 robbery, and
9 the vehicle Petitioner was driving matched that description.  No
10 evidence in the record corroborates the fact that the radio
11 broadcast included a description of the vehicle leaving the March
12 13, 1994 robbery.  In fact, the prosecutor's statements at the
13 pretrial hearing, the police reports, and the witnesses' testimony
14 imply that none of the witnesses to the March 13, 1994 robbery gave
15 a vehicle description.  (The witnesses to the March 12, 1994
16 robbery had given a vehicle description.)  Despite this absence of
17 corroborating evidence, the record is less than clear on whether
18 Detective Prudhomme in fact testified falsely and whether the
19 prosecutor knew the testimony was false.  As admitted by
20 Respondent, an evidentiary hearing may be necessary to resolve
21 whether the testimony was false and whether the prosecutor knew it
22 was false.  However, even assuming the testimony was false and the
23 prosecutor knew it was false,  habeas corpus relief is still not
24 available.
25     Courts have long recognized the special role played by the
26 American prosecutor in the search for truth in criminal trials.
27 Strickler v. Greene, 527 U.S. 263, 281 (1999).  The prosecuting
28 attorney's interest in a particular case is not necessarily to win

3

the case, but to do justice, and a prosecutor has a duty to assure that the defendant has a fair and impartial trial. Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005); Commonwealth of The Northern Mariana Islands v. Mendiola, 976 F.2d 475, 486 (9th Cir.1992) (citations omitted), *overruled on other grounds by* George v. Camacho, 119 F.3d 1393 (9th Cir.1997) (en banc). The government may not use false evidence to obtain a criminal conviction. Napue v. Illinois, 360 U.S. 264, 269 (1959); Hayes, 399 F.3d at 978. In addition, the government may not allow false evidence to go uncorrected even though the government did not specifically solicit the false evidence. Hayes, 399 F.3d at 978. "[I]f it is established that the government knowingly permitted the introduction of false testimony reversal is virtually automatic." Hayes, 399 F.3d at 978 (citations omitted).

In this habeas petition, Petitioner argues that because the prosecutor allowed Detective Prudhomme to testify falsely, the court must automatically reverse Petitioner's conviction. At a minimum, Petitioner contends in the objections that an evidentiary hearing is warranted. Contrary to Petitioner's assumption, reversal based on a prosecutor's knowledge of false testimony is **not** automatic. Morris v. Ylst, 447 F.3d 735, 745 (9th Cir. 2006). A conviction will be reversed on habeas corpus review if "two conditions are met: First, the prosecution knowingly presented false evidence or testimony at trial; and, second, it was material, that is, there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury." Morris, 447 F.3d at 743. While Petitioner is technically correct that there is no harmless error analysis when a prosecutor allows

the admission of false testimony, the court must still find the error was material. <u>Hayes</u>, 399 F.3d at 984.  Unlike the harmless error analysis, the test for materiality is whether, despite the false evidence, the Petitioner received a fair trial, which means a trial resulting in a verdict worthy of confidence.  <u>Morris</u>, 447 F.3d at 745; <u>Hayes</u>, 399 F.3d at 984.

In this case, even if the jury had been informed that Detective Prudhomme's testimony regarding receiving a radio broadcast describing the vehicle that fled robbery was false and it should be disregarded, or even if there had been a new trial at which Detective Prudhomme was not allowed to testify about such a broadcast, the court finds that the outcome of the trial would have been the same.  The jury convicted Petitioner because they believed the witnesses when they testified Petitioner was the robber. Petitioner's conviction did not hinge on Petitioner's car matching the description of the car the fled the March 13, 1994 robbery. In fact, why Detective Prudhomme pulled over Petitioner's car had little to no baring on whether Petitioner committed the robberies. Thus, assuming for the purposes of this habeas corpus petition that Detective Prudhomme did testify falsely and the prosecutor knew of his error, the court cannot find the false testimony was material. The court finds Petitioner received a fair trial and the verdict is worthy of confidence.

With this additional analysis concerning the alleged false testimony, the court adopts the Findings and Recommendations.  The objections present no basis to not adopt the Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 13, 2005, are ADOPTED IN FULL;

2. The insufficiency of the evidence claim is DISMISSED from this action for failure to exhaust;

3. The Petition for Writ of Habeas Corpus is DENIED; and,

4. The Clerk of Court enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   July 29, 2006**                                  **/s/ Anthony W. Ishii**
0m8i78                                                                        UNITED STATES DISTRICT JUDGE