# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE EDWARD HUGHES, | CV F   04-5756 AWI DLB HC |
| Petitioner, | ORDER DENYING IN PART AND GRANTING IN PART PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY |
| v. | |
| JAMES A. YATES, Warden, | [Doc. 27] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 31, 2006, the Court denied Petitioner's petition for writ of habeas corpus and judgment was entered in favor of Respondent. On August 10, 2006, Petitioner filed a notice of appeal. Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

    In the present case, the court finds that reasonable jurists might disagree with this Court's decission on Petitioner's claim that the prosecutor allowed Detective Prudhomme to testify falsely regarding receiving a radio broadcast describing the vehicle that fled the second robbery. Reasonable jurists might disagree over whether this error was material. While this court does not find a constitutional error, the court finds the standard set forth in 28 U.S.C. § 2253 has been met. Accordingly, the court hereby ORDERS that Petitioner's request for a certificate of appealability is GRANTED on Petitioner's claim regarding the prosecutor's use of false testimony.

    On all other claims, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, Petitioner's request for a certificate of appealability on the petition's remaining claims is DENIED.

IT IS SO ORDERED.

Dated:   August 23, 2006            /s/ Anthony W. Ishii
0m8i78                                      UNITED STATES DISTRICT JUDGE